IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VIOLET GOODWIN, | ) | 8:10CV227 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA HOUSING AUTHORITY, | ) | |
| REGGIE JOHNSON, BESS EBO, | ) | |
| and ANDRIAS BELLE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint on June 17, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on June 17, 2010, against the Omaha Housing Authority ("OHA"), and three individual OHA employees. (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff sues the individual Defendants in their official and individual capacities. (*Id*.)

Summarized, Plaintiff alleges that Defendants violated her due process rights when they failed to provide her with a record from a March 12, 2009, hearing regarding OHA's February 27, 2009, decision to terminate Plaintiff's section 8 housing assistance payments.[1]  (*Id.* at CM/ECF pp. 3-4; *see also* Case No.

---

[1] In her Complaint, Plaintiff directs the court to a case she previously filed in this court, Case No. 8:09CV205. (Filing No. 1 at CM/ECF pp. 3-4.) Case No.

8:09CV205, Filing No. 36 at CM/ECF p. 4.) Plaintiff asks this court to enjoin Defendants from further violating her constitutional rights. (Filing No. 1 at CM/ECF p. 6.) Plaintiff also seeks $10,000,000.00 in monetary damages and "whatever else the court deems just." (*Id*. at CM/ECF p. 7.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

---

8:09CV205 addressed Due Process, Privacy Act and Title VI claims against the same Defendants in this matter. (Case No. 8:09CV205, Filing No. 36.) The court will therefore take judicial notice of the records in Case No. 8:09CV205 to the extent that they are needed for this Memorandum and Order. *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (concluding a court may take judicial notice of judicial opinions and public records).

### III. DISCUSSION OF CLAIMS

#### A. *Procedural Due Process*

In *Goldberg v. Kelly*, the United States Supreme Court determined that recipients of public benefits were entitled to an evidentiary hearing before their benefits could be terminated. 397 U.S. 254, 266-67 (1970). However, the Supreme Court specifically stated that such a hearing did not require "a complete record" or "a comprehensive opinion." *Id.* at 267; *see also Neddo v. Housing Authority of Milwaukee*, 335 F.Supp. 1397, 1400 (E.D. Wisc. 1971) (concluding that a recipient of public housing benefits is entitled to an informal evidentiary hearing before their benefits may be terminated, but that such a hearing does not require the production of a stenographic record); Section 8 Housing Assistance Payments Program; Existing Housing, 49 Fed. Reg. 12,215, 12,230 (March 29, 1984) (stating that section 8 hearings do not require the production of a transcript).

Here, Plaintiff alleges that Defendants violated her due process rights by failing to provide her with a record from a March 12, 2009, hearing regarding OHA's termination of her section 8 housing assistance payments. (Filing No. 1 at CM/ECF pp. 3-4; *see also* Case No. 8:09CV205, Filing No. 36 at CM/ECF p. 4.) As discussed above, Defendants were not required to produce such a record. In light of these facts, Defendants' failure to provide Plaintiff with a hearing record does not rise to the level of a due process violation. Accordingly, Plaintiff's Complaint fails to state a due process claim upon which relief may be granted.

#### B. *Equal Protection*

The court also liberally construes Plaintiff's Complaint to allege an equal protection claim against Defendants. The Equal Protection Clause requires the government to treat all similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff

must establish that she was treated differently from other similarly situated individuals. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998).

Here, Plaintiff does not allege that she was treated differently from other similarly situated individuals. Thus, Plaintiff's Complaint also fails to state a equal protection claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of July, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.